## McDONALD v INDUST COMM

Ohio Appeals, 2nd Dist, Montgomery Co

No 1560.   Decided June 6, 1939

Thomas J. Herbert, Attorney General, Columbus, for Defendant-Appellant.

R. N. & N. K. Brumbaugh, Columbus, for Plaintiff-Appellee.

## OPINION

By GEIGER, J.

This cause is before this Court on appeal by the Industrial Commission of Ohio from a judgment of the Court below on a verdict by the jury finding that the appellee is entitled to participate in the Workmen's Compensation Fund of the State of Ohio.

The plaintiff's petition alleges, among other things, that at the time of the accident the Buick-Olds-Pontiac Sales Company was a corporation under the laws of Delaware, which was authorized to do business in Ohio and had in its employ, in the conduct of its business, three or more workmen under contract of hire and was a contributor to the State Insurance Fund; that said Roy R. McDonald was an employee of said company, under a contract for hire, as a motion picture operator, which contract was entered into in Montgomery County. It is alleged that while he was an employee he was traveling in an automobile in the company of his immediate superior, another employee, on the business of the company in the state of Kentucky and that while so traveling and while in the course of his employment he was injured as the result of an automobile collision in the manner set out; that he gave notice of his injuries and filed his application to have determined the amount of

compensation and the amount of medical expense to which he is entitled and to have an award made; that the defendant, on the 12th of May, 1936, denied the right of the plaintiff to receive compensation and disallowed his claim; that he filed his application for rehearing, which was granted, and thereafter on the 30th of June, 1938, the defendant found that it had no jurisdiction and denied the application of the plaintiff for the reason that he was not an employee of the Buick-Olds-Pontiac Sales Company within the meaning of the act. He thereafterwards filed his suit in Montgomery County which resulted in a verdict in his favor as above recited.

The answer of the Commission admits certain matters in reference to its organization and the notice and proceedings before it and that the plaintiff filed his petition. As a second defense the Commission says that on the day in question the Sales Company was not an insurer under the Workmen's Compensation Fund and not a contributor to the State Insurance Fund and as a further defense, that the plaintiff was not an employee of the said Sales Company but that he was acting in carrying out a contract with the Company to independently perform certain services and as a further defense it is alleged that the plaintiff is precluded from maintaining the action for the reason that he elected to sue the Sales Company for the damages sustained, as a result of which he received money in settlement; that two suits were filed in the State Courts and removed to the United States District Court of the Southern District of Ohio.

These pleadings present certain issues of which the plaintiff has the affirmative.

The defendant moved to dismiss the case and for an order directing the jury to return a verdict for the reason that the plaintiff had made an election as to the course he wished to pursue for the collection of damages and that he has filed a suit in the Court of Common Pleas of Montgomery County, Ohio. This motion was overruled by the Court. Counsel for the parties made certain stipulations as to medical testimony and thereupon plaintiff rested and also the defendant. A motion was then made by the defendant to dismiss and for directed verdict for the reason of the election to file suit against the Sales Company; that the evidence does not disclose that he is an employee of the Sales Company, but on the contrary is an independent contractor. This motion was overruled by the Court. The jury found that plaintiff was entitled to participate in the fund. Motion for new trial was overruled and judgment entered for the plaintiff.

Upon proper notice the case was brought to this Court on appeal on questions of law.

The original assignment of errors relates to the sufficiency of the evidence; the action of the Court in overruling the two motions for directed verdict and the motion for new trial; that the court erred in its general charge.

A supplemental assignment is to the effect that the Court erred in sustaining objections to material evidence and admitted improper evidence.

### THE ISSUES

The first defense makes procedural admissions and that the plaintiff was injured and all other allegations are denied.

The second defense was that the Buick-Olds-Pontiac Sales Company was not an insurer.

The third defense was that at the time the plaintiff received his injuries he was not an employee of the Sales Company, but was acting as an independent contractor.

The fourth defense is that the plaintiff is precluded from maintaining the action for the reason that he had elected to sue the Sales Company for damages sustained and as a result of which he received money in settlement. The suits for damages were brought in two separate common pleas jurisdictions and both cases were removed to the United States District Court of the Southern District of Ohio and there

dismissed for want of proper service.

## THE FACTS

The plaintiff had been a motion picture operator for a number of years having employment in various picture houses in Dayton, Ohio. The Buick-Olds-Pontiac Sales Company was engaged in the business of promoting sales and in the distribution of their respective makes of automobiles and in pursuance of this business, from time to time, promoted conventions in various cities at which films owned and selected by them were shown.

On September 17, 1933, McDonald, the plaintiff, had certain conversations with one Gorman, the Promotion Manager of the Sales Company, in reference to his operating the motion picture apparatus at certain conventions. In pursuance of the agreement arrived at and for the purpose of exhibiting the films, the plaintiff on September 26, 1933, secured through his own negotiations a picture projecting machine in Indianapolis, the rental of which was to be added to the compensation which he was to receive from the Sales Company.

The Sales Company was to pay his traveling expenses between the various cities where the conventions were held. After an engagement in Louisville, the plaintiff in company with Gorman, the promotion manager, proceeded toward Cincinnati in a car owned by the Sales Company. During this trip, while in the State of Kentucky, a collision occurred resulting in the injuries of the plaintiff.

Compensation was based on the union scale providing for a payment of $150 for furnishing the projecting machine and operating it at five conventions to be held during the same week. The films were owned and controlled by the Sales Company. McDonald operated the machine without assistance from the company. The work in which McDonald was engaged was not continuous, being for convention purposes only.

On Sunday, the 27th of September,

1933, McDonald, after securing a projector in Indianapolis, repaired to Cincinnnati for the rehearsal. On the morning of the 28th McDonald packed the equipment into the machine belonging to the company that was to transport him and the equipment to the different cities where the conventions were to be held. Upon arrival at Louisville he proceeded to set up the projector and got ready for the showing of the pictures and during that convention he operated the machine. Gorman the promoter of the conventions informed McDonald that there would be at least five conventions and probably seven or eight. After the complete showing for all the conventions McDonald was to return to Dayton and resume his former work with the Dayton movie houses. Gorman determined where and when the conventions were to be held and the number thereof.

McDonald describes the accident which happened on the return trip from Louisville to Cincinnati in a car owned by the Sales Company and driven by Mr. Gorman. After the accident he was paid for five days, being all the time in the hospital at Cincinnati. There was no definite understanding between him and Gorman as to exactly how much money he was to receive because the definite number of days on which he was to work were not known.

After his injuries, McDonald filed a suit for damages in Hamilton County against the Sales Company and in Montgomery County against the General Motors Corporation.

On cross-examination he stated that prior to the time he filed his application for compensation he filed suit against the Buick-Olds-Pontiac Sales Company on January 27, 1934 for $54,000.

Upon being inquired of as to the amount of money he collected through the company, objections were sustained.

"Q. I will ask whether or not you didn't receive $7,000.00 in December, 1936?

"Objection sustained."

Both counsel attach exhibits to their briefs which, of course, are not evidence either before the Commission, the Common Pleas Court or this Court. It is disclosed by Exhibit "A" attached to defendant's supplemental brief that McDonald was paid $7000.00 by the General Motor's Corporation as a "humanitarian settlement", a part to be paid to the hospitals and doctors, etc., and the balance to be used in personal matters.

### THIRD DEFENSE

We will first address ourselves to the third defense as that seems to have been made more prominent than the others during the trial. It is to the effect that when the plaintiff received his injury he was not an employe of the sales company but was acting in carrying out the terms of a contract as an independent contractor.

Sec. 1465-60 GC defines "employers" subject to the act.

Sec. 1465-61 GC defines the term "employe".

The question is whether or not, so far as this action is concerned, the Sales Company is an employer and whether the plaintiff, McDonald is an employe. We find two helpful cases both in 126 Oh St. The first is that of Industrial Commission v McAdow, 126 Oh St 198, which holds that where a board employed a person to do a specific job, such person under the contract to furnish labor and material, the board reserving no right to control over the mode and manner of executing the job, such person is an independent contractor and not an employe within the meaning of the section and injuries to such independent contractor are not compensable from the insurance fund. It will not be necessary for us to detail at length the principles laid down in this case.

The second case is that of Industrial Commission v Laird, 126 Oh St 617, wherein the third syllabus is to the effect that the question as to whether a claimant was an employe is a question of fact and if claimant offers some testimony tending to prove that fact, the issue should be submitted to the jury under proper instructions.

Syllabus 4:

"The vital test in determining whether a person employed to do a certain work is an independent contractor or a mere servant, is the right of control over the work reserved by the employer."

The case is familiar to counsel and we need not further elaborate.

The question whether McDonald was or was not an employe is a question of fact to be decided by the jury and we have no inclination to interfere with the conclusion of the jury by drawing fine distinctions which might be possible under the evidence. The jury weighed the evidence pro and con and properly exercised their own judgment, which we will not disturb.

### FOURTH DEFENSE

The next important issue is made in the fourth defense which is to the effect that the plaintiff is precluded from maintaining the action by reason of the fact that he has elected to sue the Sales Company to recover damages sustained. The question is whether a party who has been injured may proceed simultaneously to sue for damages and to prove a claim against the fund, and also what is the effect of a compromise payment. Simultaneous action seems to be inconsistent and it has been specifically held in the case of State ex Wolf Run Coal Co. v Industrial Commission, 110 Oh St 487, that under the express provisions of §1465-76 GC, an employe who exercises his option to institute proceedings in Court waives his right to any award. The holding in that case was based specifically upon §1465-76 GC, in existence at the time or the accident involved, but since repealed, and the Court held that where an action was brought against the employer, which afterwards failed by reason of the holding of the reviewing court, that the claimant was not there-

by relieved from the operation of the express provisions of the statute respecting waiver. Under that statute the election of remedies was made by the institution of the suit and not by the result thereof.

In the instant case the suits were instituted long prior to the filing of the claim with the Industrial Commission.

In the case of the **Mabley & Carew Co. v Lee, 129 Oh St 69**, the court sets out at large the provisions of the Constitution of 1912, and of the amendment effective January 1, 1924, and says on page 73:

"Counsel also discuss §1465-76 GC, and certain decisions of this court under the earlier provisions of **Article II, Section 35**. But manifestly these can not be considered important at this time. This is especially true of §1465-76, GC, inasmuch as it was by implication repealed by the constitutional amendment of January 1, 1924, and was expressly repealed by the Legislature by the act effective January 9, 1931."

The Court after analyzing the provision of the amended section of the Constitution states:

"From all the foregoing it is readily apparent that the present amendment provides a new and comprehensive definition of the rights and liabilities of employers and employees. Under it certain new rights were created and some former ones were abolished. The amendment has become an integral part of the organic law of this state and consequently neither the Legislature nor this court can narrow or broaden its terms."

The case of Wolf Run Coal Co., supra, was decided on June 3, 1924, and the constitutional amendment was effective January 1, 1924. The court in the decision of the Wolf Run case made no reference to the provisions of the amendment to the constitution.

The **Constitution, Article II, Sec. 35,** effective January 1, 1924, provides in substance, with our emphasis, as follows:

"**For the purpose of providing compensation** to workmen, laws may be passed establishing a fund to be administered by the state. And such compensation shall be **in lieu of all other rights to compensation** or damages and any employer who pays premiums shall not be liable to respond in damages for such death", etc.

It is manifest from this provision that the compensation provided by the Constitution shall be in lieu of all other rights to compensation and that the complying employer shall not be liable to respond in damages. The claimant has not, under the provisions in the Constitution itself, a right to dual compensation. If his employer is amenable to the provisions of the act then he is free from further obligation to pay. If he is not amenable to the provisions of the act by reason of not fulfilling its conditions, then the fund would not be liable, except to a restricted degree as provided in §1465-74 and kindred sections.

The court, speaking through Matthias, J., in the case of **Adler v Hahn, 129 Oh St, 303**, discusses the present provisions of **Section 35, Article II of the Constitution** to the effect that the compensation shall be in lieu of all other rights to compensation and that any employer who pays shall not be liable to respond at common law, and states, "no statute enacted pusuant to this constitutional provision will be so construed as to either revoke or modify any of the rights conferred or benefits granted by this constitutional provision." See decision of Court of Appeals in this case, **Hahn v Adler, 49 Oh Ap 381.**

It may be urged that the constitution does not definitely exclude from the benefit of the fund a claimant who has sued and compromised with his employer, but only covers those cases in which the employee may have received compensation from the fund and then attempted to collect from his employer.

We think, however, the Supreme Court has definitely settled this matter in the case of **Commission v Broskey, 128 Oh St 372,** where it is held in substance that a suit by an employee against his contributing employer bars the employee from receiving additional workmen's compensation. The court, speaking through Judge Stevenson, says at page 384:

"We feel that justice requires that we give to the Industrial Commission the benefit of the antithesis that sane reasoning must draw from **Section 35, Article II of the Constitution of Ohio** to the effect that an employee who in an action at law has recovered from his contributing employer substantial damages for personal injuries received by him while acting within the scope of his employment, can not afterwards recover compensation from the Industrial Commission of Ohio for the same injuries."

On page 385 Judge Stevenson states:

"If an employee sues an employer who is a contributor to the state insurance fund and such employer * * * settles with the employee for a substantial amount satisfactory to the employee, then it becomes the duty of the Industrial Commission if such employee subsequently sues for compensation, to plead the fact that such employee has been compensated by his employer. The Industrial Commission owes it to such employer not to take any more of his money to pay an employee whom he has already fully paid. The Industrial Commission owes it to all employers to see to it that they shall not be required to pay compensation twice, and it owes it to the employees to see to it that no employee shall be compensated twice, to the end that the fund will be able to respond to the demands of future claimants who have not been compensated by their employer for their injuries. When Broskey settled with his employer in this case the employer went out of the picture and the Indus-

trial Commission, its handmaiden, went with it."

**State ex Steele Co. v The Industrial Commission, 106 Oh St 82,** was decided December 5, 1922, prior to the amendment of the Constitution effective January 1, 1924, and while §1465-76 was still in effect. It was there held that the application of an administrator for consent to make settlement for injuries resulting in the death of decedent "is not the institution of proceedings in the courts for damages, within the contemplation of §1465-76 GC."

"In obtaining such consent by the administrator and the execution of a release of damages by the dependent do not constitute a waiver by the latter of her claim for compensation; nor do they preclude such dependent from thereafter making application therefor."

The Court held that under §1465-76 GC, the employee waives his right to an award only when he has exercised his option to "institute proceedings in court as provided in this action."

"The dependent's right of waiver can not possibly apply to proceedings in the Probate Court, as such are not proceedings for 'damages on account of such injuries'. Therefore the statute having given the right to file an application for compensation, that right continues to exist until the waiver is exercised by the institution of proceeding in a court of competent jurisdiction for damages, as provided in §1465-76. Had a suit for damages been instituted under the provisions of that section, undoubtedly §10772, GC, would there apply."

There was no waiver of the right to claim compensation notwithstanding the proceedings in the Probate Court and the release. The court then states,

"No doubt when the question comes up for consideration before the Commission that body in its determination of sole or partial dependents will give full consideration to the amount paid

by the Steel Company to the administrator."

The case of **State ex rel v Industrial Commission of Ohio, 122 Oh St 509**, was decided on June 18, 1930, long after the amendment of the Constitution and the repeal of the section and related to an injury occuring on March 13, 1924, after the amendment to the Constitution. The employer was a noncomplying employer of three or more workmen. On the day of the death of the injured employee the employer secured from the widow a settlement and a written release of all damages in consideration of the payment of funeral expenses. The widow afterward filed a claim with the Commission which awarded her a sum as compensation which was certified to the Attorney General for collection. He brought suit against the employer but was unable to collect the award, and the widow asked that the Commission pay the amount out of the surplus fund. The court held that as to the right to compensation the case was controlled by **State ex Steel Company v Commission, 106 Oh St 82**, and the court states that there is no reason why the principle announced in this case should not be applied to a noncomplying as well as to a complying employer.

We have already commented on the cases of **Mabley & Carew v Lee, 129 Oh St 69; Adler v Horn, 129 Oh St 303**; and **Commission v Broskey, 128 Oh St 373**, in each of which matters pertinent to the instant case are considered.

We do not find it necessary to determine whether or not an injured employee, employed by a complying employer, may effectively bar his claim to compensation from the fund by a contract entered into between him and his employer. We confine our decision solely to the case at bar. In this case we discover no evidence of probative value that there was an effective contract of release between the employer and employee. The allegation of the answer is that the plaintiff is precluded from maintaining the action for the reason that he elected to sue the Sales Company for the damages sustained, as a result of which he received money in settlement. We do not have before us the terms of the settlement. The defendant was inquired of as to the amount of money collected through the company, objections to which question were sustained. It is attempted to be established by Exhibit "A" attached to the defendant's supplemental brief that McDonald was paid $7,000.00 by the General Motors Corporation as a "humanitarian settlement". This is far from exhibiting to us a definite contract which may or may not bar the claimant from a participation in the fund.

We are of the opinion that when the matter is finally heard by the Commission it may follow the suggestion of the court as appears in the case of **State ex Steel Company v Commission, 106 Oh St, at page 88**.

"No doubt when the question comes up for consideration before the commission that body in its determination * * * will give full consideration to the amount paid by (the General Motors Company) to the claimant herein."

We are of the opinion that the defendant has failed to establish the defense that the plaintiff is precluded from maintaining the action on the ground that he elected to sue the Sales Company.

SECOND AND THIRD DEFENSES

We will examine the second and third defenses as if they were one. The defendant as part of its first defense denies each and every allegation in plaintiff's petition except those specifically admitted. In its second defense it says that on the date in question the Buick-Olds-Pontiac Sales Company was not an insured under the Workmen's Compensation Act of Ohio and therefore not a contributor to the state insurance fund. Before the plaintiff can recover in this case he must establish the necessary allegations of his petition, among which are that the company had in its employ three or more workmen under contract of hire and

that it is a contributor to the insurance fund and that he was an employee under a contract for hire.

Sec. 1465-90, GC, provides that,

"The Commission shall definitely and specifically pass upon each and every issue raised in the claim necessary for a proper and complete decision thereon."

If the Commission denies the right of the claimant it shall state the grounds on which the claim was denied.

The section further provides that within ten days after the filing of the answer the Commission shall certify to the Court of Common Pleas a transcript of the record of such rehearing and the court or jury under the instruction of the Court shall determine the right of the claimant to participate "upon the evidence contained in such record and no other evidence."

The allegation of the petition was that the company employed three or more workmen and that the applicant was an employee of the company under contract for hire. These allegations are essential to establish the right of the claimant to participate and the burden is upon him to establish them. The only competent evidence upon which the Common Pleas Court may determine the right after denial of an application for rehearing is the evidence contained in the record which was taken on rehearing. Ohio Bell Tel. Co. v Ray, 19 Abs 294; O. Jur. 42, p. 728-733.

There is no evidence in the record that the sales company employs three or more workmen. Neither is there any evidence that the employee was in the service of a company employing three or more workmen regularly in the same business under a contract for hire. It is claimed by the Commission that inasmuch as the case must be heard upon "the evidence contained in the record and no other evidence" and there being a total lack of evidence in the record of the essential features which would render the fund liable, that the plaintiff must fail.

Our first attempt to solve this question, unassisted by decisions, led us to the conclusion that inasmuch as the Industrial Commission is the one having the most detailed information as to those who fall within the provisions of the law, that all such preliminary matters were peculiarly within its own knowledge and that if it rejects a claim for the reason that neither the applicant nor the company falls within the provisions of the act it should so state.

Under the provision of §1465-90 GC, it shall definitely and specifically pass upon every issue raised in the claim necessary for its proper and complete decision. If one of the issues is that either the claimant or the company or both are not within the provision of the act, it should so **definitely** and **specifically** pass upon this issue and incorporate in the transcript either a stipulation or the necessary evidence. We were of the impression that if the Commission fails to do this and sends to the Court of Common Pleas a record which, due to the lack of certain formal proof, can not be used to establish the claim, that the Commission should not be heard to use such imperfect record to defeat the claim. The Act contemplates the presentation of claims without the necessary formality incident to actions at law, and the statute §1465-91 so provides.

As well expressed by Judge Nichols in the early case of **Roma v Industrial Commission, 97 Oh St 247,** the feeling abides within this court that the remedies provided by the Compensation Act for the benefit of injured parties should be interpreted with the utmost liberality.

"To defeat the right of this claimant under these circumstances otherwise than on the merits of the controversy would be entirely out of accord with the principles and objects sought to be attained by the Workmen's Compensation Act."

Judge Nichols further says:

"We feel that if he is defeated by a

technicality, although a proper and just one, it would be quite out of harmony with the underlying objects the General Assembly had in view in enacting the law."

"Whenever it may be made to appear that by a strict adherence to technical rules the substantial rights of the party are in jeopardy, it is the plain duty of the courts as well as the board to disregard such rules."

"It is not to be understood that this section (1465-91) countenances the making of a farce or mockery of a judicial proceeding."

Later research has sustained us in our first impressions. We think the matter is definitely determined in the case of Miles v Electric Auto Light Company, appellee, 133 Oh St 613. It is true that that was an action against the employer and not against the Commission, but we find no difficulty in reconciling this. It was an action by a claimant against a self insuring employer on an appeal from the Industrial Commission. The cause was tried to a jury on a transcript furnished by the Commission. There was a verdict for the plaintiff. An appeal was taken by the company to the Court of Appeals, which court found that there was no substantial evidence in the record showing that the company was a self insuring employer, that the company regularly employed three or more workmen or that the accident complained of happened in Seneca County. By reason of this lack of evidence the court of appeals reversed the judgment of the court of common pleas.

The Supreme Court quotes at large from §1465-90 GC.

The first error assigned in that case was that there was no substantial evidence in the record tending to prove that the company was a self insurer. The court states that at the time of the rehearing before the Commission the defendant knew whether it was a self insurer company and if it intended to make a defense on that issue it was its duty at that time to have such defense incorporated in the record made on the rehearing in order that by such transcript such defense might be considered by the Court of Common Pleas.

"The only avenue through which any evidence on such issue could be received in the Court of Common Pleas was through the transcript of the proceedings at the rehearing. The defendant was charged with knowledge of the law in that respect. The same principle applies to claimed error number 2 in respect to employment by the defendant of three or more persons at the time of the accident. The place to make that defense was in the rehearing before the Industrial Commission."

"Having gone through the rehearing before the Industrial Commission and the entire trial in the Court of Common Pleas of Seneca County without having made any affirmative defense in regard to such matters, this court will not listen to them now."

This case of course differs from the case at bar in that, as heretofore pointed out, it was against the self insurer and not against the Commission. Also it appears that it made no affirmative defense at the beginning of the hearing in the Court of Common Pleas or at any other time. In that it also differs from the case at bar in that the Commission here did set up the defense in the Court of Common Pleas. We however can not distinguish the principle announced, which seems to us to be so salutary, from the principle that should control in the present case where a claim has been asserted against the Commission itself. We therefore hold that as to the claimed defect in the proof by virtue of the fact that the record is silent on certain matters, is not sufficient to deprive the claimant of any right. The fault rested with the Commission. It is not supposed to be a board seeking technical defenses against workmen's claims, but is to render proper service to a claimant to have his matter investigated on its merits. We think that the provision of §1465-91 that it "may make an investigation in such manner as in its judgment is best calculated to ascertain substantial

rights of the parties and to carry out justly the spirit of his (this) act" is sufficiently broad to deprive the Commission of the technical defense here first sought to be asserted.

### CONCLUSION

This decision should not be confused with the case of Elmer L. Snyder v Rhenisch Hardware Company and the Industrial Commission of Ohio being currently determined in a case pending in Shelby County. In that case the Hardware Company was a noncomplying employer and was subject to the provisions of §1465-73. There are other matters which distinguish the case from the one at bar.

We are of the opinion that the plaintiff has not waived his right to participate in the fund for any of the reasons set up in the defendant's answer, on the proof offered.

Judgment of the court below affirmed and cause remanded for further appropriate proceedings.

HORNBECK, PJ. & BARNES, J., concur.