**BROWN v INDUST. COMM.**

Ohio Appeals, 2nd Dist, Clark Co

No 426.  Decided July 12, 1941

Thomas J. Herbert, Attorney General, Columbus; E. P. Felker, Asst. Attorney General, Columbus; Thomas F. Joseph, Asst. Attorney General, Martins Ferry, for defendant-appellant.

John Sawyers, Columbus, for plaintiff-appellee.

**OPINION**

BY THE COURT:

This is an appeal on questions of law from a judgment in behalf of plaintiff and against the defendant after the trial judge had overruled a demurrer of the defendant to the petition of the plaintiff and the defendant had elected to plead no further.

The errors assigned are:

(1) In overruling the demurrer to the petition.

(2) In finding upon the petition for the plaintiff instead of entering judgment for defendant upon the pleadings.

(3) The judgment of the Common Pleas Court is contrary to law.

The determinative questions are succinctly stated as follows: Is the order of the Industrial Commission upon the application of plaintiff for rehearing a denial of the right of plaintiff to participate in the Workmen's Compensation Fund upon any jurisdictional ground, and, if so, do the facts admitted by the demurrer to the petition state a cause of action in favor of the plaintiff?

The essential facts appearing, necessary to an appreciation of the question presented, are as follows: The plaintiff, on and before December 7, 1936, was regularly employed by the City of Springfield as a police officer, which city contributed to the State Insurance Fund. On the aforesaid date the plaintiff was injured, the injury occurring in the course of and arising out of his employment as a police officer for said city. On May 25, 1937, plaintiff filed his application with the defendant Commission for compensation, which claim was recognized by the allowance of payment for medical services. Thereafter, plaintiff moved to modify a previous award and on February 21, 1939, the claim was referred to the Dayton Board of Claims for investigation, and thereafter by said Board referred back to the defendant Commission, which on March 28, 1939, after hearing, made the following order:

"That compensation for temporary partial disability on an impairment of $15.00 per week be granted from April 8, 1936, to about August 8, 1936, upon the filing of monthly wage statements by the claimant, unless such wage statements show a lesser impairment, in which case compensation is to be paid on the impairment shown; that claimant be scheduled for medical examination prior to the expiration of this award.

The Board find claimant's average weekly wage to be $29.00 per week."

Thereafter, on July 31, 1939, the Dayton Board of Claims made the following order:

"That the Board's order of March 28, 1939, be revoked and that the application to modify a previous award, filed Nov. 22, 1938, be dismissed. The Board find that claimant is not entitled to compensation due to the fact that §1465-61 rules on the eligibility to participate whenever claimant is receiving compensation from the Workmen's Compensation Fund in the State of Ohio. * * *."

An application for rehearing was made by plaintiff, and on December 16, 1940, this order made thereon:

"After Round Table Conference, Commission orders that the claim be disallowed on rehearing for the reason that the claimant herein is eligible to participate in the Police Pension Fund and in fact does participate in such Fund to the extent of $100.00 per month, which amount is in excess of that provided by the Workmen's Compensation Law and to §1465-61. Claimant is therefore not entitled to compensation."

It further appears that on the date of plaintiff's injury the City of Springfield had in operation what was known as a Police Relief Fund, administered by a Board of Trustees of said fund, which Board on September 30, 1938, by resolution, awarded the plaintiff a pension from said fund in the amount of $75.00 per month; that on the date of plaintiff's resignation he had served for a period of 25 years in the Police Department of the City of Springfield, Ohio, and that pursuant to Rule 20 of the Rules and Regulations of the Board of Trustees of the Police Relief Fund of the City of Springfield, it was provided that any member of the Department of Police of said city who had served faithfully for a period of 25 consecutive years might voluntarily retire by resignation and upon the approval of a majority of Trustees of said fund be placed upon the Police Relief Roll at an annual rate of pension at not less than $100.00 per month, regardless of his salary at the time of

his retirement. Plaintiff tendered his resignation on June 28, 1938.

It is further alleged that an award of $75.00 was made upon the basis of plaintiff being a disabled police officer under Section 2 of Rule 20 of the Rules and Regulations of said Board. Plaintiff says that because the Board of Trustees would not grant him the award of $100.00 per month for 25 years faithful service on the police force prior to his resignation, he instituted an action in mandamus in the Common Pleas Court of Clark County, Ohio, against said Board and that by reason of this action and the claim therein set forth, the Court entered judgment in plaintiff's favor, and that he was thereafter awarded and is being paid $100.00 a month for 25 years faithful service on said police force, in accordance with the Rules and Regulations of the aforesaid Board of Trustees. Therefore, it is the claim of the plaintiff that, inasmuch as he is being paid from the Police Relief Fund of the City of Springfield, Ohio, because of 25 years faithful service, and is not being compensated as an injured police officer, under Section 2, Rule 20 of the Rules and Regulations of the Pension Board, he is not barred by the provisions of §1465-61 GC, from participating in the State Insurance Fund, under the Workmen's Compensation Law, but on the contrary, is entitled to participate in said fund.

Upon the first error assigned, it is essential to the right of the plaintiff to appeal from the action of the defendant Commission upon his application for an award, that the Commission deny his application for rehearing upon a jurisdictional ground, as provided in §1465-90 GC, effective as of the date of his injury and of his application.

The question in this case, whether or not the order of the Commission on the application for rehearing is one from which an appeal can be taken, is different from any that has heretofore come to our attention, or of which we have any knowledge. The order is a finding to the effect that the Com-

mission has no authority to inquire into the extent of the disability or the amount of compensation for the reason that no compensation may be awarded because of the intervention of the terms of §1465-61 GC. When this section is invoked as a basis for the order, it is tantamount to a finding of the Commission that the applicant is not in the status of an employee and that nothing in the Workmen's Compensation Act shall have application to enable him to participate in the fund. This was a denial upon a jurisdictional ground, so recognized in McDonald v Industrial Commission, 30 Abs 33. We are satisfied that this order upon the application for rehearing is appealable.

We come then to the second question, namely, the effect of §1465-61 GC, upon the right of the plaintiff to participate in the Workmen's Compensation Fund under the averments of his petition. This section provides:

"The term 'employee', 'workman' and 'operative' as used in this act shall be construed to mean: (1) Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, under any appointment or contract of hire, * * *. Provided that nothing in this act shall apply to police * * * in cities where the injured policemen * * * are eligible to participate in any policemen's * * * pension funds, which are now or hereafter may be established and maintained by municipal authority under existing laws, unless the amount of the pension funds provided by municipal taxation and paid to such police * * * shall be less than they would have received had the municipality no such pension funds provided by law; * * *."

It will be noted that this section in defining the relationship of the police-

man to the pension funds which will preclude the finding that he is in the status of an employee, under the Workmen's Compensation Act, is not limited to participation in such fund by reason of injury but is general in terms. That is to say, if a policeman is eligible to participate in ▨ policemen's pension funds, to the extent fixed in the Section, he may not be classified as an employee under the Workmen's Compensation Act, the Act does not apply to him, and because of this fact may not share in the compensation fund. The term, "injured policeman" is merely descriptive of a policeman who is injured and who, but for the provision in §1465-61 GC, might be classified as an employee. It in no sense has reference to the cause upon which and for which the policeman is entitled to participate in the pension funds. It should be observed that this section is a part of the Workmen's Compensation Act which treats of "injured employees" and those who are killed while in that relationship. To define the class to whom §1465-61 GC, has application, they are characterized as injured policemen or firemen. Had it been the intendment of the section that differentiation in its effect upon applicants should be made between the eligibility of a policeman to participate in pension funds because he was injured or for some other reason, the section would have so stated. It appears to be all inclusive and to have as its purpose that policemen or firemen who are injured and who are eligible to participate in pension funds, established or to be established by Municipal authority, in an amount equal to or greater than the benefits under the Workmen's Compensation Act, are not eligible to share in the Workmen's Compensation Fund.

The whole matter is one of legislative cognizance and the wisdom of such legislation might well be questioned, but it is our function only to construe that which has been carried into our statutory law. So doing, we are satisfied that the plaintiff, by virtue of the exclusive provisions of §1465-61 GC, is not eligible to participate in the Workmen's Compensation Fund.

The demurrer to the petition should have been sustained upon the ground that it did not state a cause of action.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.